UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>INDUSTRIAL COMMERCIAL<br>ELECTRICAL, INC. et al.,<br><br>    Debtors.<br><br>UNITED STATES OF AMERICA<br>(INTERNAL REVENUE SERVICE)<br><br>    Appellant,<br><br>    v.<br><br>I.C.E. MANAGEMENT, INC., et al.<br><br>    Appellees. | Case No.:  4:04-cv-40038-WGY<br><br>*On appeal from the order of*<br>*the Bankruptcy Court,*<br>*Case No. 02-45451-JBR* |

APPELLANT'S MOTION TO SHORTEN DEADLINE FOR ANSWER BRIEF,
SO AS TO PERMIT RULE 8009's REPLY TIME PRIOR TO ORAL ARGUMENT,
OR GRANT OTHER RELIEF AS NECESSARY TO ELIMINATE
UNFAIRNESS FROM AMENDED SCHEDULE TO WHICH
UNITED STATES DID NOT ASSENT (AS THE COURT MAY
HAVE ASSUMED FROM APPELLEE'S "ASSENTED-TO MOTION")

    Appellant United States of America, by its undersigned counsel, pursuant to Fed.R.Bankr.P. ["Rule"] 8011(b), hereby moves the Court for an order reducing the appellee's time to file its answering brief in the above-captioned bankruptcy appeal, or, alternatively, for other relief as necessary to eliminate unfairness from the briefing schedule that was recently modified based on a motion by Appellee that indicated government assent, and which may thus have caused the Court to assume, erroneously, that the United States would not object to the modification of the schedule made by the Court.

    The Court's original scheduling order tracked Rule 8009, providing the United States fifteen days from transmittal of the record (until April 6, 2004), to file its opening brief, providing the Creditor's Committee with fifteen days thereafter (until April 21, 2004) to file its answer brief, and providing the United States 10 days plus a Sunday (until May 3, 2004) to file

its Reply Brief. The Court also set oral argument for May 20.

On April 6, 2004, the United States timely served and filed its opening brief. On April 12, 2004, Appellee's counsel contacted the undersigned counsel to request the United States' assent to a motion for a 30-day extension (45 days from the opening brief) to file the answer brief, to which the United States assented, **if, and only if,** the United States received at least the full time specified in Rule 8009 to file its reply brief.[1] The undersigned pointed out that the Court had scheduled oral argument for a date that preceded the Appellee's requested due date, and that therefore the government assented only if the oral argument was moved to accommodate Rule 8009's standard schedule.

The Court granted the Appellee's motion only insofar as it sought an extension of time for the Appellee Brief, although the Court granted the appellee 4 days fewer than it requested, and with the new answer brief deadline set for Saturday, May 15, 2004, thus making the actual deadline Monday, May 17, 2004. The Court's order provided that in all other respects the motion was denied. According to the literal terms of the original scheduling order as modified to enlarge the answer brief deadline, this would mean the United States' reply is due 12 days before the answer brief to which it has a right to reply. Assuming, more pragmatically, that the Court would accept a reply within 10 days after the answer brief,[2] if the United States wishes to have its reply filed in time for the Court to consider it before oral argument, this means it has two days to prepare a written reply (assuming the answer brief is scanned in and posted by the Clerk the day it is filed or otherwise electronically served on that date). The undersigned also has the same two days plus one more to prepare for oral argument (including time required to travel to Boston).

The result of the Court's order is patently unfair, and not reasonably contemplated by

---

[1] The United States also requested that it be allowed to file a substitute opening brief, only to correct purely typographical errors, to which Appellee agreed.

[2] The more pragmatic reading is apparently what the Court intended since, upon reading the Court's order, the undersigned counsel called the Court's courtroom deputy and was informed that the United States would be allowed to file a reply brief after the answer brief but that the oral argument would not be moved.

Rule 8009's specification that the Court may by order alter the briefing schedule. Appellee's counsel now has 41 days from the opening brief to file an answer brief, allowing ample time to research all of the United States' cited authorities and formulate responses, and the United States has 2-3 days to file a written reply to and prepare for argument after an answer brief that may be as much as 50 pages long.[3] While the United States tried to anticipate the Appellee's probable arguments and address them, the very provision for replies in the rule recognizes that complete anticipation of all of an appellee's arguments and case citations is unlikely. Also, replies afford an appellant a chance to correct any misstatements regarding the record. In addition, in appeals, it is generally considered appropriate to permit counsel some time to prepare for oral argument, unfettered by a last-minute rush to complete a writing project.

      To be sure, Rule 8009 states that a Court may, by order, vary its deadlines. But surely such discretion contemplates a need for a showing of some cause to cut a party's time down to two or three days. In fact, a survey of the 30 attorneys and reviewers in the Northern Region Civil Trial Section of the Tax Division reveals no attorney who has ever heard of an order shortening an appeal brief deadline in the absence of some showing by a party claiming a risk of irreparable harm if the case is not expedited (such as where the appeal is from the grant or denial of an injunction).

      We expect that the explanation for the Court's order is simply that it wished to maintain its oral argument schedule. If so, the time before the argument should be apportioned more fairly, by shortening the appellant's deadline. Also, the Court should permit itself time to consider the reply arguments before oral argument. After all, Rule 8012 at least implies that it is only after reviewing all of the briefs that a court should determine whether oral argument is necessary.

---

[3] Appellee's motion stressed in seeking an enlargement of time file an answer brief that the government's opening brief is 47 pages long. Apart from the fact that Rule 8010 specifies 50-page limits for opening and answer briefs (essentially the same as the 14,000 word limit on appeal briefs in the courts of appeals), the United States notes that its brief presents five issues after having to discuss facts applicable to a number of different tax deductions. We submit there is very little, if any, surplusage in our brief.

**L.R. 7.1 Compliance**

Assuming *arguendo* that L.R. 7.1 applies to bankruptcy appeals, the United States solicited the consent of Creditor's Committee counsel to this motion. The response was to the effect that the Appellee will not object to permitting the United States additional time to file a reply if the oral argument is postponed (and does not oppose postponing the argument) but Appellee does not consent to shortening time to file the answer brief.

WHEREFORE, the United States requests that the Court reduce by nine days the time for the appellee to file its brief, to May 6, 2004 – *i.e.*, a month after the filing of the opening brief – and allow the United States ten days or until May 16 (actually Monday, May 17) to file its reply electronically, and require both parties to serve their briefs by telefax since the Appellee's counsel is apparently not using electronic filing. Alternatively, the United States requests that the Court modify other parts of its scheduling order to provide the United States with at least ten days to prepare and file its reply brief, and at least an additional three days to prepare for oral argument after filing the reply brief.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


/s/Barry E. Reiferson
BARRY E. REIFERSON
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-6058

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon counsel for the Official Committee of Unsecured Creditors; Industrial Commercial Electrical, Inc.; I.C.E.-Conn, Inc.; and I.C.E. Management; and upon the U.S. Trustee, by mail on April 23, 2004.

/s/Barry E. Reiferson
Barry E. Reiferson